IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Peter A.T. Sartin, | ) | C/A No.: 3:12-cv-895-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION FOR |
| McNair Law Firm, P.A., | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on a motion for summary judgment filed by Defendant McNair Law Firm, P.A. ("McNair"). (ECF No. 35). Plaintiff Peter A.T. Sartin ("Sartin")[1] opposes the motion. After considering the parties' briefs and the arguments heard by this court on Monday, November 19, 2012, this court hereby grants McNair's Motion for Summary Judgment.

### I.     Factual and Procedural History

This legal malpractice action involves a very complicated case within a case. Plaintiff was an attorney, and for years he served as sole national trial counsel in boiler and machinery policy subrogation cases for Travelers Insurance Company ("Travelers"). In August 2006, Plaintiff filed a Complaint in the District of South Carolina on behalf of Travelers Insurance Company ("Travelers") and Commercial Metals Company ("CMC") in an action against Tamini Transformatori, srl. and Southwest Electric Company arising

---

[1] At the November 19th hearing, the court was informed that Sartin passed away on October 20, 2012. Following the hearing, Plaintiff's counsel were advised that they needed to move to substitute Sartin's estate as the plaintiff in this case. As of the date of this order, no such motion has been filed.

1

from the failure of a transformer in a CMC facility in Cayce, South Carolina ("the Tamini case"). The case was assigned to Judge Margaret Seymour. On October 17, 2007, Judge Seymour found "sanctions to be appropriate with respect to what [the court] consider[ed] to be egregious discovery abuse by Plaintiffs," (10/17/2007 Sanctions Order), but she did not specify an amount for the sanctions at that time. At a hearing on April 25, 2008, Judge Seymour announced that Travelers and CMC would be required to pay $951,881.72 in sanctions and attorneys' fees.[2] By then, Sartin was no longer representing Travelers and CMC in the Tamini case—he had been replaced by Nelson Mullins Riley and Scarborough, LLP ("Nelson Mullins") soon after the October 17th sanctions order. After the court specified the sanction amount, Travelers and CMC filed a motion asking Judge Seymour to clarify, amend, or correct her October 17th and April 25th sanctions orders. In their motion, Travelers and CMC specifically asked the court to "defer the payment of all sanctions until after completion of trial so the Court can conduct a full evidentiary hearing to determine whether, and to what extent, the sanction award should be allocated between the Plaintiffs and the lawyer whose conduct allegedly gave rise to the sanction . . . ." (5/9/2009 Motion to Amend/Correct). For reasons that are unclear from the record, the court summarily denied that motion in a text order on June 23, 2008. The Tamini case eventually settled in October 2008, but Travelers and CMC contractually waived the right to appeal the monetary sanctions award as an express, material consideration to Tamini for the settlement.

---

[2] Besides the oral ruling, the order was memorialized in a minute entry that briefly outlined the events of the hearing.

Following the settlement of the Tamini case, Sartin sued Travelers and CMC in Texas ("the Texas case") to recover his fees from the Tamini case. Travelers and CMC answered Sartin's complaint, alleged affirmative defenses, and counterclaimed against Sartin, seeking to hold him responsible for the sanctions award entered in favor of Tamini and for the attorneys' fees paid to Nelson Mullins. In September of 2009, Travelers and CMC returned to this court, again asking for clarification of the sanctions orders, after Sartin alleged in the Texas case that there was no evidence that the sanctions assessed on April 25, 2008 were pursuant to the sanctions order on October 17, 2007 or which costs were a result of Sartin's actions. Sartin hired McNair to represent him in connection with Travelers' and CMC's motion, and McNair filed a motion to intervene on Sartin's behalf in the motion to clarify. After a hearing on November 30, 2009, Judge Seymour issued an order dated December 4, 2009 (the "Clarification Order") clarifying that the April 25, 2008 sanctions were "based upon [Sartin's] conduct during the course of his representation of [Travelers and CMC], as discussed in detail in the October 12, 2007 hearing and reflected in the court's October 17, 2007 order." (12/4/09 Clarification Order). Judge Seymour also stated that "Sartin, individually, should be assessed monetary sanctions in the amount of $951,881.72 based upon his conduct during the court of his representation of Plaintiffs." (12/4/09 Clarification Order).

McNair then filed an appeal of the Clarification Order, but the appeal was filed two days late. McNair filed a motion asking the court to accept the late-filed notice of appeal, explaining that the attorney who filed the appeal had misread the date of the Clarification Order as December 8th instead of December 4th and, thus, had

3

miscalculated the appeal deadline. On February 5, 2010, Judge Seymour denied the motion to file a late appeal. Subsequently, McNair appealed both the December 4th Clarification Order and February 5th denial of late appeal.

The Texas case proceeded while the two appeals were pending in the Fourth Circuit. The Fourth Circuit consolidated both appeals and, on January 28, 2011, heard oral argument as to whether this court properly denied the motion for leave to accept the late-filed notice of appeal. In March of 2011, Sartin and Travelers and CMC settled the Texas case by exchanging mutual releases. In accordance with the settlement of the Texas case, Sartin instructed McNair to dismiss the two Fourth Circuit appeals. As a result, the Fourth Circuit never made any decision as to the timeliness of the appeal or the merits of the Clarification Order.

Sartin filed this legal malpractice action on March 30, 2012, alleging that McNair's failure to file a timely notice of appeal is the proximate cause of his failure to recover any fees against Travelers and CMC in the Texas case.[3] The instant motion for summary judgment concerns whether Sartin should have been successful against Travelers and CMC with regards to his Fourth Circuit appeals.

## II.     Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[3] Because this case is related to the Tamini case, it was originally assigned to Judge Seymour. However, she recused herself from the instant case, and it was subsequently reassigned to this court.

The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III.   Analysis

Under South Carolina law, a plaintiff in a legal malpractice action must establish four elements: "(1) the existence of an attorney-client relationship; (2) a breach of duty by the attorney; (3) damage to the client; and (4) proximate cause of the plaintiff's damages by the breach." *Argoe v. Three Rivers Behavioral Crt. & Psychiatric Solutions*, 697 S.E.2d 551, 555 (S.C. 2010) (citing *Rydde v. Morris*, 675 S.E.2d 431, 433 (S.C. 2009)). In establishing proximate cause in a South Carolina legal malpractice action, the plaintiff must establish that the attorney's negligence was the "but for" cause of the plaintiff's damages. *See Eadie v. Krause*, 671 S.E.2d 389, 393 (S.C. Ct. App. 2008).

In its motion, McNair presents a number of reasons that it is entitled to summary judgment, but this court is persuaded by the argument that Sartin did not suffer harm from the late appeal because the Fourth Circuit would not have reversed Judge Seymour's Clarification Order even if the appeal had been timely filed.

5

Rule 60(a) of the Federal Rules of Civil Procedure provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). A mistake is "clerical" if it does not accurately represent the Court's actual intent in issuing an order. 12 *Moore's Federal Practice*, § 60.11(1)(a) (3d Ed.). Rule 60(a) also allows the court to correct an ambiguity in an order or ruling to clarify the court's intent. *Id.* at § 60.11(1)(c). The court may "invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect contemporaneous intent and ensure that the court's purpose is fully implemented." *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992).

This court believes that Judge Seymour had the authority under Fed. R. Civ. P. 60(a) to clarify the oral ruling she made on April 25, 2008 in an attempt to resolve the apparent ambiguity about the specific conduct for which she issued sanctions. In her Clarification Order, Judge Seymour made clear that the sanction amount announced on April 25, 2008 was pursuant to her October 17, 2007 order. She further set forth in the Clarification Order the specific conduct on which the sanctions were based. The Clarification Order did not make a substantive change to the sanctions order. Rather, it more clearly set forth her original intent in sanctioning Travelers and CMC. This court believes that the corrections made through the Clarification Order are the types of mistakes by omission that Fed. R. Civ. P. 60(a) anticipates. As such, this court finds that the Fourth Circuit would not have reversed Judge Seymour's Clarification Order. Because this court believes that the Clarification Order would have been affirmed on appeal, Sartin suffered no harm when McNair filed the appeal of the Clarification Order

6

late. If Sartin suffered no harm as a result of McNair's failure to file a timely appeal, then his malpractice claim cannot stand. Thus, this court is constrained to grant summary judgment in favor of the Defendant.

As this court finds that summary judgment is appropriate based on the appeal of the Clarification Order, the court does not reach the other reasons for summary judgment offered by McNair.

## III. Analysis

The court hereby grants McNair's Motion for Summary Judgment. The court further finds all other pending motions to be moot. Accordingly, this case is dismissed.

IT IS SO ORDERED.

December 5, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge